

**U.S. Department of Justice**

Antitrust Division

*New York Office*

26 Federal Plaza                                        202/677-0370
Room 3630
New York, New York 10278-0004              FAX 212/335-8023

August 3, 2022

United States District Court
District of Connecticut
FILED AT   BRIDGEPORT
8|3|22                    20
Dinah Milton Kinney, Clerk
By_____
Deputy Clerk

James I. Glasser, Esq.
Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06510

Re:    <u>United States v. Axion Specialty Contracting LLC</u>
        Case No. 3:22CR___ (KAD)

Dear Attorney Glasser:

This letter confirms the plea agreement between your client, Axion Specialty Contracting LLC (the "defendant"), and the United States Department of Justice Antitrust Division and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSES

In consideration for the benefits offered under this agreement, the defendant agrees to waive its right to be indicted and agrees to plead guilty pursuant to Rule 11(c)(1)(C) to a one-count Information, charging it with one count of violating 15 U.S.C. § 1 (Conspiracy to Restrain Trade).

*15 U.S.C. § 1 (Conspiracy to Restrain Trade)*: The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. There was a combination or conspiracy to restrain trade during the time alleged in the Information;

2. An agent of the defendant, acting within the scope of his employment, knowingly joined the conspiracy; and

3. The activity of the conspiracy was within the flow of or substantially affected interstate or foreign commerce.

*August 3, 2022*
*Letter to James I. Glasser, Esq.*

## THE PENALTIES

The maximum penalties permitted by statute are:

### Probation

Pursuant to 18 U.S.C. § 3561(a), the Court may impose a term of probation. Pursuant to 18 U.S.C. § 3561(c)(1), if the Court imposes probation, it may be for a term of at least one year and not more than five years.

### Fine

The Count carries a maximum fine of $100 million. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $100 million.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $400 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of 18 U.S.C. § 3663 and this plea agreement. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Interest, penalties, and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. §§ 3572(h), (i) and 3612(g).

### Plea Agreement Pursuant to Rule 11(c)(1)(C)

The parties agree that a fine in the amount of $1,001,989, restitution in the amount of $313,122, and no period of probation ("the Recommended Sentence") is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. § 3553(a).

August 3, 2022
Letter to James I. Glasser, Esq.

The defendant agrees to pay $313,122 in restitution, in the amounts and to the victims identified in the attached Attachment A, which is a part of the plea agreement. The Government and the defendant agree to recommend to the Court that the court apportion restitution pursuant to the procedures set forth in 18 U.S.C. § 3664(h) to reflect the level of the defendant's contribution to the victims' losses, in the amounts and to the victims identified in Attachment A, which is a part of the plea agreement.

As specified in the Agreement Relating to Seized Funds section below, the Government and the defendant agree that $1,574,128.67 be turned over to the Clerk of Court in anticipation of the payment of restitution, the criminal fine, and the special assessment. The Government and the defendant agree to recommend to the Court that the funds held by the Clerk of Court be used to satisfy the special assessment, in the sum of $400, first, then the restitution order, in the sum of $313,122, the criminal fine, in the sum of $1,001,989, and the balance of $258,617.67 to be returned to the defendant.

The Government and the defendant understand that the Court retains complete discretion to accept or reject the Recommended Sentence provided for in this plea agreement. If the Court does not accept the Recommended Sentence, the Government and the defendant agree that this plea agreement will be rendered void. If the Court does not accept the Recommended Sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)(2)(A)). If the defendant withdraws its plea of guilty, this plea agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this plea agreement or made in the course of plea discussions with the Government will not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this paragraph of this plea agreement, the statute of limitations period for any offense referred to in Paragraph 15 of this plea agreement will be tolled for the period between the date of signature of this plea agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of signature of this plea agreement, whichever period is greater.

Both parties jointly submit that this plea agreement, together with the record that will be created by the Government and the defendant at the plea and sentencing hearings, and the further disclosure described in subsequent paragraphs, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. Both parties will jointly request that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment and plea, based upon the record provided by the defendant and the Government, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1. The Court's denial of the request to impose sentence on an expedited schedule will not void this plea agreement.

*August 3, 2022*
*Letter to James I. Glasser, Esq.*

Agreement Relating to Seized Funds

*United States v. Contents of Accounts Ending 8704 and 8291 Held in the Name of Axion*
*Specialty Contracting, LLC at Citizens Bank,* 3:18MC28 (SALM)

The defendant agrees that funds in the amount of $1,574,128.67, which were seized from accounts ending in 8704 and 8291 in the name of Axion Specialty Contracting, LLC, at Citizens Bank, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), (hereinafter, the "Seized Assets"), shall be transferred by the United States Marshals Service to the Clerk of Court to be applied to the special assessment, the restitution order, and criminal fine entered in this case. The balance of funds in the referenced accounts will be returned to the defendant, as described above. The defendant agrees to simultaneously execute a Stipulated Agreement to effectuate the transfer of the Seized Funds.

The defendant agrees to hold the United States, the Federal Bureau of Investigation, Department of Justice, the Antitrust Division, the Department of Defense – Office of Inspector General, the United States Attorney's Office for the District of Connecticut, and their agents and employees harmless from any claims whatsoever in connection with the seizure, detention, and transfer of the Seized Assets covered by this agreement.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any transfer of funds carried out in accordance with this plea agreement on any grounds, including that the transfer of funds constitutes an excessive fine or punishment. The defendant also understands and agrees that by virtue of its plea of guilty it waives any rights or cause of action to claim that it is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

Applicability

The defendant understands that ordinarily, the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence. In this case, the defendant is entering its plea of guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. This plea agreement contains the parties' agreement concerning the disposition of this matter including the amount of restitution, the amount of a fine, the payment of the mandatory special assessment and the parties' agreement, subject to acceptance by the Court, that no term of probation is warranted. The defendant understands that the Court has discretion to accept or reject this plea agreement.

*August 3, 2022*
*Letter to James I. Glasser, Esq.*

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention. The defendant understands that additional facts may inform the Court's judgment concerning whether to accept or reject the plea agreement in this case.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable guidelines range.

Pursuant to U.S.S.G. § 2R1.1(d)(1) and § 8C2.4(b), the defendant's advisory base fine is calculated by multiplying the defendant's volume of commerce by 20 percent. The volume of commerce attributable to the defendant is $6,262,432, which results in an advisory base fine of $1,252,486 ($6,262,432 * 20%).

Pursuant to U.S.S.G. § 8C2.5, the parties stipulate to a culpability score of 4 points, calculated as follows:

> 5 points under U.S.S.G. § 8C2.5(a)
> +1 point under U.S.S.G. § 8C2.5(b)(5)
> -2 points under U.S.S.G. § 8C2.5(g)(2)

Therefore, pursuant to U.S.S.G. §§ 8C2.6 and 8C2.7, the advisory fine guideline range is $1,001,989 to $2,003,978. The parties agree that the appropriate fine in this case is the lowest end of that range, $1,001,989.

<u>Joint Fine Agreement</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Government and the defendant agree that the appropriate disposition of this case includes a fine payable by the defendant in the sum of $1,001,989 payable from the Seized Funds to be held by the Clerk of Court after satisfaction of the restitution order.

<u>Information to the Court</u>

The Government will discuss the facts of this case with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material. The Government expressly agrees to provide the following information regarding the following to the Probation Office:

- the defendant's background, management, and limited operations in Connecticut;

- the fact, manner, and extent of the defendant's agent's activities with respect to this case and the Government's investigation, including but not limited to the discrete customer base and limited geographical scope of the criminal conduct in relation to the defendant's overall business, the fact that only one employee of the company, its President, knowingly participated in the criminal conduct, and that the individual has separately pleaded guilty to criminal violations and is pending sentencing by this Court;
- the defendant's remedial measures including the institution of a corporate compliance program; and
- the defendant's additional efforts to remediate the harm caused by the actions of its agent and to make restitution.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that it is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that it has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that it committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that it is waiving its right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in its defense. The defendant understands that by pleading guilty it waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if it pleads guilty, the Court may ask questions about each offense to which it pleads guilty, and if it answers those questions falsely under oath, on the record, and in the presence of counsel, the answers may later be used against it in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of

*August 3, 2022*
*Letter to James I. Glasser, Esq.*

limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances it is entitled to challenge its conviction. By pleading guilty, the defendant waives its right to appeal or collaterally attack its conviction in any proceeding, including but not limited to a motion under 28 U.S.C. §§ 2255 and/or 2241. In addition to any other claims it might raise, the defendant waives its right to challenge its conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, it is entitled to challenge its sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. §§ 2255 and/or 2241, if the sentence imposed by the Court is consistent with or below this Rule 11 (c)(1)(C) plea agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. §3742(b)-(c).

## DISQUALIFICATION, EXCLUSION, SUSPENSION, OR DEBARMENT CONSEQUENCES OF PLEA

The defendant understands that it may be subject to disqualification, exclusion, suspension, or debarment action by private entities, or state or federal agencies other than the Government, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls what action, if any, other entities or agencies may take. However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials considering such action, if any, of the following as matters for that entity or agency to consider before determining what action, if any, to take:

- the fact, manner, and extent of the defendant's agent's activities with respect to this case and the Government's investigation, including but not limited to the limited customer base and limited geographic scope of the criminal conduct in relation to the defendant's overall business, and the fact that only one employee knowingly participated in the criminal

*August 3, 2022*
*Letter to James I. Glasser, Esq.*

conduct and that no other Axion employee is alleged to have knowingly participated in the criminal conduct;

- the defendant's corporate compliance program; and
- the defendant's efforts to remediate the harm caused and make restitution.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it understands that it is guilty based on the acts of its agent. The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and itself (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges its understanding of the nature of the offense to which it is pleading guilty as a result of the conduct of its agent, including the penalties provided by law. The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorney. The defendant and its undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving it.

## COLLATERAL CONSEQUENCES

The defendant understands that it will be adjudicated guilty of the offense to which it has pleaded guilty. The defendants understand that the Government reserves the right to notify any state or federal agency by which it is licensed, or with which it does business, of the fact of this conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of its agent's participation in a scheme to rig bids relating to certain insulation contracts in Connecticut, which forms the basis of the Information in this case.

*August 3, 2022*
*Letter to James I. Glasser, Esq.*

       The defendant understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement.  If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw its guilty plea.

## NO OTHER PROMISES

       The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

       This letter shall be presented to the Court, in open court, and filed in this case.

       Very truly yours,

EYITAYO ST. MATTHEW-DANIEL
ASSISTANT CHIEF
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION, NEW YORK OFFICE

DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT

*August 3, 2022*
*Letter to James I. Glasser, Esq.*

The defendant certifies that it has read this plea agreement letter and its attachment(s) or has had it read or translated to it, that it has had ample time to discuss this agreement and its attachment(s) with counsel and that it fully understands and accepts its terms.


_____          _____
AXION SPECIALTY CONTRACTING LLC              Date
The Defendant
By _____
Its Duly Authorized Representative
*James J. Glasser*



I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that it understands and accepts its terms.


_____          _____
JAMES I. GLASSER, ESQ.                       Date
Attorney for the Defendant

August 3, 2022
Letter to James I. Glasser, Esq.

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant, Axion Specialty Contracting LLC ("AXION"), and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the Information:

1. Beginning in or around October 2012 and continuing until as late as March 2018, in the District of Connecticut and elsewhere, AXION, acting through Paul M. Camara Jr. ("Camara"), its President, knowingly entered into and engaged in a combination and conspiracy to suppress and eliminate competition by allocating certain customers, rigging bids, and fixing prices for insulation contracts in unreasonable restraint of interstate trade and commerce.

2. No employee of AXION other than Camara is alleged to have been a knowing participant in this criminal conduct.

3. During this period, Camara, AXION's President, was responsible for bidding on insulation contracts at the company.

4. During this period, Camara (and thereby AXION) knowingly agreed with Michael S. Flynn, Gary DeVoe, BC Flynn Contracting Corp., Langan Insulation LLC, and Thomas F. Langan, to share their respective bids and bid prices for the purpose of allocating certain insulation contracts among them at higher bid prices than if they had competed against each other.

5. During this period, Camara (and thereby AXION), Flynn, DeVoe, BC Flynn, Langan Insulation, and Langan shared bids and bid prices through various means including during meetings, through phone calls, and text messages.

6. During this period, Camara (and thereby AXION), Flynn, DeVoe, BC Flynn, Langan Insulation, and Langan submitted non-competitive bids for certain insulation projects.

7. With respect to certain contracts, as a result of their agreement to collude, Camara (and thereby AXION), Flynn, DeVoe, BC Flynn, Langan Insulation, and Langan were awarded contracts and provided insulation services pursuant to contracts that were awarded at collusive prices.

8. During this period, Camara (and thereby AXION), Flynn, DeVoe, BC Flynn, Langan Insulation, and Langan inflated certain initial bid prices by some amount, generally around approximately 5%, as a result of their agreement to rig certain bids.

9. The business activities that are the subject of Count One were within the flow of, and substantially affected, interstate trade and commerce.

*August 3, 2022*
*Letter to James I. Glasser, Esq.*

## Attachment A

| Victim Name | Restitution Amount |
|---|---|
| 1.  City of Bridgeport | $168,750 |
| 2.  City of West Haven | $91,855 |
| 3.  Liuna Training and Education Fund | $1,073 |
| 4.  Stamford Hospital | $43,917 |
| 5.  Yale New Haven Health | $1,515 |
| 6.  Yale University | $6,011 |
| **Total** | **$313,121** |

*August 3, 2022*
*Letter to James I. Glasser, Esq.*

      This written stipulation and Attachment A are part of the plea agreement.  The Government and the defendant reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

AXION SPECIALTY CONTRACTING LLC
THE DEFENDANT
By _____
Its Duly Authorized Representative

EYITAYO ST. MATTHEW-DANIEL
ASSISTANT CHIEF
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION, NEW YORK OFFICE

DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT

JAMES I. GLASSER, ESQ.
ATTORNEY FOR THE DEFENDANT

Date 8/3/22

13

*August 3, 2022*
*Letter to James I. Glasser, Esq.*

## <u>RIDER CONCERNING RESTITUTION</u>

The Court may order that the defendant make restitution under 18 U.S.C. § 3663 as follows:

1.  If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A.  Return the property to the owner of the property or someone designated by the owner; or

    B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:
        The greater of -
        (I)  the value of the property on the date of the damage, loss, or destruction; or

        (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.  In the case of an offense resulting in bodily injury to a victim –

    A.  Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B.  Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C.  Reimburse the victim for income lost by such victim as a result of such offense;

3.  In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4.  In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court may also order that the defendant give notice to any victim(s) of its offense under 18 U.S.C. § 3555.