UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:22CR157 (KAD) |
| | : | |
| v. | : | |
| | : | |
| AXION SPECIALTY CONTRACTING LLC | : | October 27, 2022 |

## GOVERNMENT'S SENTENCING MEMORANDUM

The government respectfully submits this memorandum to aid the Court in connection with the upcoming sentencing of defendant Axion Specialty Contracting LLC ("Axion"), scheduled for November 4, 2022, at 4:00 pm. On August 3, 2022, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Axion waived indictment and pled guilty to an Information charging it with participating in a bid rigging conspiracy in violation of 15 U.S.C. §1. Docket Nos. 3 & 8.

The United States and the defendant agree that a criminal fine in the amount of $1,001,989, restitution in the amount of $313,122, a $400 special assessment, and no period of probation is a sentence sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. §§ 3553(a) and 3572(a). For the reasons set forth below, the United States requests that the Court accept the defendant's guilty plea and sentence the defendant in accordance with the Plea Agreement between the United States and the defendant, which was previously filed with the Court. Exhibits 1 and 2 list the proposed victims and restitution amounts identified by the government.

**I.     THE OFFENSE CONDUCT**

The Presentence Report dated October 13, 2022 outlines Axion's offense conduct and the government does not take issue with the facts described therein.

**II.    LEGAL STANDARD**

**A.     Rule 11(c)(1)(C)**

Rule 11(c)(1)(C) authorizes the United States to enter into plea agreements with parties in which the parties agree that a particular sentence is the appropriate disposition of the case. *See* Fed. R. Crim. P. 11(c)(1)(C). The Court, however, "retains absolute discretion whether to accept a plea agreement." Fed. R. Crim. P. 11, Advisory Committee notes to 1999 amendments. As a plurality of the Supreme Court has observed:

> Federal sentencing law requires the district judge in every case to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of federal sentencing, in light of the Guidelines and other [18 U.S.C.] § 3553(a) factors. The Guidelines provide a framework or starting point – a basis, in the commonsense meaning of the term – for the judge's exercise of discretion. Rule 11(c)(1)(C) permits the defendant and the prosecutor to agree that a specific sentence is appropriate, but the agreement does not discharge the district court's independent obligation to exercise its discretion.

*Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion) (internal citations and quotation marks omitted). In exercising that discretion, while the district court may accept or reject the proposed Rule 11(c)(1)(C) plea agreement, it may not modify the agreement's terms. *Id.*; *United States v. Green,* 595 F.3d 432, 438 (2d Cir. 2010) (citing *United States v. Cunavelis*, 969 F.2d 1419, 1422 (2d Cir. 1992)).

**B.     Sentencing Guidelines**

The Guidelines continue to provide guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

Although *Booker* held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" – that range "should be the starting point and the initial benchmark." *Gall v. United States,* 552 U.S. 38, 49 (2007); *see also* id. at 50 n.6 ("[D]istrict courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.").

Organizations, such as the defendant, are sentenced pursuant to Chapter 8 of the Sentencing Guidelines. In the case of antitrust violations, in addition to the provisions of Chapter 8, special instructions with respect to determining fines for organizations are applicable pursuant to U.S.S.G. § 8C2.4(b). The relevant special instruction states that for organizations "in lieu of pecuniary loss under subsection (a)(3) of § 8C2.4 (Base Fine), use 20 percent of the affected volume of commerce." U.S.S.G. § 2R1.1(d)(1). After calculating the base fine, the organization's culpability score is determined pursuant to U.S.S.G. § 8C2.5, which is used to select the minimum and maximum fine multipliers that are then used to determine the applicable fine range. *See* U.S.S.G. § 8C2.6.

### C. The Presentence Report Correctly Calculates the Guidelines Range

The parties have stipulated to, and the Probation Office has calculated, a fine guidelines range of $1,001,989 to $2,003,978. Presentence Report ¶ 42. The Probation Office has adopted the parties' stipulated affected volume of commerce amount of $6,262,432, which is the value of the affected projects won by the defendant. Pursuant to U.S.S.G. § 2R1.1(d)(1), $6,262,432 is multiplied by 20% to arrive at the advisory base fine of $1,252,486. As set forth in the Presentence Report, pursuant to U.S.S.G. § 8C2.5, the defendant's culpability score is 4, which is

3

calculated as follows: the defendant begins with 5 points under U.S.S.G. § 8C2.5(a); 1 point is added under U.S.S.G. § 8C2.5(b)(5) because Axion had more than 10 but fewer than 50 employees and the conduct was being perpetrated by an Axion executive; and 2 points are subtracted under U.S.S.G. § 8C2.5(g)(2) because Axion has cooperated in the investigation and has accepted responsibility for its criminal conduct. Therefore, pursuant to U.S.S.G. §§ 8C2.6 and 8C2.7, the minimum and maximum multipliers are 0.8 and 1.6, which results in an advisory fine guideline range of $1,001,989 to $2,003,978.

### D. Statutory Factors to Consider at Sentencing

In addition to considering the Guidelines in effect on the day of the sentencing, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims." 18 U.S.C. § 3553(a)(1)–(7); *See also Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

4

**III.     JOINT FINE AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and the defendant agree that the appropriate disposition of this case includes a fine payable by the defendant in the sum of $1,001,989, which is the bottom of the guidelines range.  The agreed-upon fine is reasonable and not greater than necessary in light of the factors articulated in 18 U.S.C. § 3553.  Specifically, it reflects the seriousness of the offense, promotes respect for the law, and achieves general and specific deterrence.

**IV.     PROBATION**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and the defendant agree that the appropriate disposition of this case is no period of probation.  Probation is not necessary in this case because Axion has adopted a compliance program to prevent and detect violations and, in particular, antitrust violations.  Among other things, Axion has conducted and will conduct regular compliance trainings for its employees, adopted ethics and document retention policies, and appointed a compliance officer.  Additionally, Camara was the only employee involved in the charged conduct, which diminishes the likelihood of recidivism and the utility of probation.

**V.     RESTITUTION**

Restitution is discretionary for the Court under 18 U.S.C § 3663.  Pursuant to 18 U.S.C § 3663(a)(3), the Court may order restitution to the extent agreed to by the parties in a plea agreement.  As agreed upon the parties and pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government recommends that the restitution from the conspiracy be apportioned by which co-conspirator won the insulation contract causing the loss to the victim, pursuant to 18 U.S.C. § 3664(h).  The project owners, which include hospitals, universities, and local schools, have incurred substantial losses as a result of the defendant's scheme and should be restored to their

5

state before the crime occurred. Therefore, the government recommends that Axion pay $313,122 in restitution, on a joint and several basis with Camara, which is calculated by applying the bid inflation rate of 5% on the nine affected projects won by Axion, as set forth in Exhibits 1 and 2.

VI. **SEIZED FUNDS**

Pursuant to the Plea Agreement, the parties agree that $1,574,128.67, which were seized from accounts ending in 8704 and 8291 in the name of Axion Specialty Contracting, LLC, at Citizens Bank on or about March 23, 2018, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), shall be transferred by the United States Marshals Service to the Clerk of Court in anticipation of the payment of restitution, the criminal fine, and the special assessment. Pursuant to the Plea Agreement, the government recommends to the Court that the funds held by the Clerk of Court be used to satisfy the special assessment, in the sum of $400, first, then the restitution order, in the sum of $313,122, the criminal fine, in the sum of $1,001,989, and that the balance of $258,617.67 to be returned to Axion.

VII. **CONCLUSION**

Pursuant to the 11(c)(1)(C) Plea Agreement between the United States and the defendant, the United States recommends that the Court impose a fine of $1,001,989, restitution in the amount of $313,122, no period of probation, and a $400 special assessment. This sentence is sufficient but not greater than necessary to meet the goals set forth in 18 U.S.C. §§ 3553(a) and 3572.

Respectfully submitted,


_____/s/_____
Daniel Glad
Acting Chief, New York Office
U.S. Department of Justice
Antitrust Division


_____/s/_____
Milosz Gudzowski
Phil Andriole
Trial Attorneys
Department of Justice
Antitrust Division


_____/s/_____
David E. Novick
Assistant United States Attorney
District of Connecticut

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 27, 2022 a copy of the foregoing **GOVERNMENT'S SENTENCING MEMORANDUM** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                          /s/
                                       MILOSZ GUDZOWSKI
                                       TRIAL ATTORNEY